# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO.: 3:15-CR-250 RJC-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| SARAH CHRISTINE LAPP, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the question of the Defendant's bond status following her entry of a guilty plea before the undersigned on this date. The Defendant entered her guilty plea to a drug conspiracy charge under 21 USC §§ 846 and 841(b)(1)(C), thus triggering the mandatory detention provisions of the Bail Reform Act. The government argued that the Defendant, who has been out on bond during the pendency of her case, be remanded into custody. The Defendant essentially asked for time to self-surrender.

The Court considered this matter carefully. The Defendant's argument in essence was that there were "exceptional reasons" why the Defendant should be permitted to remain out for a short period prior to self-surrendering to the US Marshals Service. It is some comfort that the Defendant has no prior criminal record and has performed well while on pretrial release. However, the more compelling factor is that the Defendant has suffered complications from a recent series of foot surgeries and has a follow-up appointment to address this on February 12, 2016. The Court concludes that allowing the Defendant to remain out for that medical appointment and to then self-surrender is sensible and consistent with the statute.

**IT IS, THEREFORE, ORDERED** that the Defendant shall remain out on her current terms of pretrial release following her guilty plea and through March 1, 2016.

**IT IS FURTHER ORDERED** that the Defendant shall surrender herself to the US Marshals Service on March 1, 2016 and thereafter be detained pending sentencing in her case.

Signed: January 26, 2016

David C. Keesler
United States Magistrate Judge